**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL DAVID BORRAEZ, | No. 12-73961 |
| Petitioner, | |
| v. | Agency No. A013-590-835 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Manuel David Borraez, a native and citizen of Colombia, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  Our

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. *See Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013); *Arteaga v. Mukasey*, 511 F.3d 940, 942 n.1 (9th Cir. 2007). We review for substantial evidence factual findings, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 & n.1 (1992), and we deny in part and dismiss in part the petition for review.

Borraez does not challenge the agency's determination that he is ineligible for asylum based on his conviction for an aggravated felony.

Borraez does not contend that he suffered past persecution. Substantial evidence supports the agency's finding that Borraez failed to establish a clear probability of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (petitioner's fear was too speculative to meet the standard for relief). Accordingly, Borraez's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Borraez failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of Colombia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we lack jurisdiction to review Borraez's unexhausted due process claims. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (explaining this court lacks jurisdiction to consider contentions not raised to the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**